UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| RANDY GRIFFIN, | ) |
|     Plaintiff, | ) |
| v. | )    Case No.: 3:20-cv-575 |
| POWERWORKS ELECTRIC, LLC, | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Randy Griffin ("Plaintiff") and files his Complaint against Defendant, PowerWorks Electric, LLC ("Defendant") and in support he states the following:

## JURISDICTION

1. This Court has original subject matter jurisdiction of this case under 28 U.S.C §§1331 and 1341 and 42 U.S.C. §2000e-5, inasmuch as the matters in in controversy are brought pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C §§ 2601 *et seq*. as amended by the Families First Coronavirus Response Act ("FFCRA") Pub.L. No. 116-127, 134 Stat. 178 (2020).

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the district.

## THE PARTIES

3. Plaintiff Griffin is a citizen of the United States, and was at all times material, a resident of the state of North Carolina.

1

4. Defendant PowerWorks Electrics, LLC is a foreign limited liability company with its principal office in Mooresville, North Carolina.

5. Defendant does business and Plaintiff worked for Defendant in this District.

## FACTUAL ALLEGATIONS

6. On November 1, 2019, Plaintiff was hired to work for Defendant as an Electrician Assistant.

7. On March 18, 2020, President Trump signed into law the Families First Coronavirus Response Act ("FFCRA") which was intended to address the **immediate** needs Americans faced including the need to care for children whose schools and daycares were forced to close due to the Coronavirus and the need to avoid at all costs spreading the Coronavirus. The FFCRA included the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and the Emergency Paid Sick Leave Act ("EPSLA"), which amend the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*.

8. The EPSLA and EFMLEA were two new emergency paid leave requirements passed by Congress and signed by the President under the circumstances of the unprecedented public health emergency of the Coronavirus. At the time Congress passed the EPSLA and EFMELA many state governments had issued shut down orders requiring schools and workplaces to be closed and residents to remain home for their own safety except for essential activities.

9. In enacting this **emergency** legislation, Congress did not enact a prospective date as Congress' intent was for the laws to have immediate effect.

10. Plaintiff is a father with a three (3) year old daughter.

11. Plaintiff's daughter could not go to daycare because the daycare was closed due to the Coronavirus.

12. Plaintiff requested to discuss his options with Defendant due to his impending childcare issues as a result of his daughter's daycare closure.

13. On March 26, 2020, Plaintiff sent an email to Kathryn Holland, Human Resources Specialist, with the subject line "FFCR act" requesting information on the steps to take in order to utilize leave to care for his daughter due to his daughter's daycare closure.

14. A request for FFCRA leave is protected activity under the FFCRA.

15. Ms. Holland responded to Plaintiff's email indicating further guidance would be sent out regarding taking leave under FFCRA, but until then, Plaintiff could submit a request to utilize paid time off if he needed to take time off to care for his daughter. However, Ms. Holland encouraged Plaintiff to look for a family member to provide childcare rather than taking leave from work to care for Plaintiff's own child.

16. Subsequently, Plaintiff sent a text message to Tim Moon, Manager, inquiring about taking a week of unpaid leave in order to care for his daughter. Mr. Moon indicated to Plaintiff that he was permitted to do so, and Plaintiff's job would not be at risk for taking leave.

17. Plaintiff complied with Defendant's procedures and submitted a completed time off request form to Ms. Holland on March 31, 2020. Plaintiff requested leave through April 3, 2020, indicating that the request was being made due to his daughter's daycare's closure as a result of the Coronavirus.

18. The following day, Defendant terminated Plaintiff's employment. Defendant failed to provide Plaintiff with a reason for termination, nor did it follow its typical discipline process.

19. It is clear Defendant terminated Plaintiff for exercising or attempting to exercise his rights under the FFCRA.

3

Case 5:20-cv-00173-KDB-DCK   Document 1   Filed 10/19/20   Page 3 of 7

20. During the 12-month period prior to April 5, 2020, Defendant employed Plaintiff for at least 1,250 hours of service.

21. Defendant employed fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of 2019 and/or 2020.

22. Defendant is a company with less than 500 employees and is thus subject to the FFCRA.

23. Defendant was not eligible for an exemption under the FFCRA, having 50 or more employees, and indeed, did not seek or obtain and exemption.

24. Plaintiff has been damaged by Defendant's illegal conduct.

25. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
## Family and Medical Leave Act/Families First Coronavirus Response Act/ Emergency Paid Sick Leave Act Interference

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

27. The FFCRA did not set forth new notice, anti-retaliation or non-interference provisions because it was enacted as an amendment to the FMLA thus, all of the FMLA notice requirements and prohibitions on retaliation and interference apply to employees seeking leave under the FFCRA/EFMLEA.

28. Defendant is a company with less than 500 employees and is thus subject to the FFCRA.

29. Plaintiff was eligible for sick leave and paid leave under the FFCRA.

30. Plaintiff requested leave because he perceived he was unable to work because of a bona fide need to care for his child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to the Coronavirus.

31. Defendant interfered with Plaintiff's lawful exercise of his FFCRA rights.

32. Defendant's conduct was willful, and Defendant intended to deprive Plaintiff of rights under the FFCRA.

33. Defendant willfully interfered with and punished Plaintiff for exercising his FFCRA rights.

34. Defendant illegally terminated Plaintiff in violation of the FFCRA.

35. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

36. Plaintiff was injured due to Defendant's willful violations of the FFCRA, to which he is entitled legal relief.

**Count II:**
**Family and Medical Leave Act/Families First Coronavirus Response Act/ Emergency Paid Sick Leave Act Retaliation**

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-25 above.

38. The FFCRA did not set forth new notice, anti-retaliation or non-interference provisions because it was enacted as an amendment to the FMLA thus, all of the FMLA notice requirements and prohibitions on retaliation and interference apply to employees seeking leave under the FFCRA/EFMLEA.

39. Defendant is a company with less than 500 employees and is thus subject to the FFCRA.

40. Plaintiff was eligible for sick leave and paid leave under the FFCRA.

41. Plaintiff requested leave because he was unable to work because of a bona fide need to care for his child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to the Coronavirus.

42. Plaintiff was terminated as a result of his protected activity.

43. Defendant unlawfully retaliated and otherwise discriminated against Plaintiff for exercising or attempting to exercise his FFCRA rights.

44. Defendant's conduct was willful, and Defendant intended to deprive Plaintiff of his rights under the FFCRA.

45. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

46. Plaintiff was injured due to Defendant's willing violations of the FFCRA, to which Plaintiff is entitled legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
North Carolina Bar # 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*