# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:20-CV-173-KDB-DCK

| | |
|---|---|
| **RANDY GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE** |
| ) | **ORDER** |
| ) | |
| **POWERWORKS ELECTRIC, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Consent Protective Order" (Document No. 13) filed February 19, 2021. It is hereby **STIPULATED** and **AGREED** between Plaintiff, Randy Griffin, and Defendant, PowerWorks Electric LLC. (collectively the "Parties"), and it is hereby **ORDERED** by the Court, that the following terms and conditions shall govern the use and handling of Confidential Information and documents produced by the Parties in the above-captioned matter (this "Litigation"):

1. **Scope.** All documents and data, including electronically stored information, produced in the course of discovery, all responses to discovery requests, and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery shall be subject to this Confidentiality Agreement and Protective Order (the "Protective Order").

2. **Purpose.** All documents, data, and information obtained through discovery in this Litigation shall be used only for purposes of prosecuting or defending this Litigation.

3. **"Confidential Information" Defined.** "Confidential Information" shall mean any and all information produced in the course of discovery or trial that a party deems in good faith to

contain proprietary, technical, financial, sensitive personal, educational, or medical information, or confidential research, development, or commercial information that is not publicly available.

4. **Form and Timing of Designation.** The Parties shall designate the whole or part of any documents as Confidential Information by stamping or imprinting the words CONFIDENTIAL upon every page of the produced copies of the document at the time of production. Such designations shall be utilized in good faith and only in accordance with the definition of "Confidential Information" as described herein.

5. **Inadvertent Production.** Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential. In the event that the producing person inadvertently fails to designate discovery material as CONFIDENTIAL, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the Party to whom production has been made shall treat the designated discovery material as confidential subject to their right to dispute such designation in accordance with Paragraph 12 below.

6. **Effect on Attorney-Client Privilege and Work Product Immunity.** Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, upon discovery of the inadvertent production, promptly notify the receiving party in writing of such inadvertent production. Upon notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support

or other database.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.  Nothing in this provision shall prevent a party from challenging the applicability of the claimed privileged after such material has been returned.

7. **Depositions.**  In the case of deposition testimony, confidentiality designations may be made during the deposition and in any event shall be made within thirty (30) days after the final transcript has been received by counsel making the designation and shall specify the testimony being designated confidential by page and line number(s).  The deposition testimony shall be treated as confidential until final designations are made within thirty (30) days after receipt of the final transcript.

8. **Protection of Confidential Material.**  Documents designated CONFIDENTIAL under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below for any purposes other than preparing for and conducting this Litigation in which the documents were disclosed (including any appeal).

9. **Limited Third-Party Disclosures.**  The Parties and their counsel may only disclose or make available documents designated as CONFIDENTIAL to the following third-party individuals, provided that they are informed of the terms of this Protective Order:

    a)    expert witnesses or consultants retained by the Parties to assist in the preparation of this Litigation;

    b)    any non-party witness who is deposed under oath or provides other sworn statements or testimony in this Litigation;

c) court reporters, videographers, or stenographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents at depositions; and,

d) the Court.

10. **Exhibit A to Protective Order.** Individuals identified in 9 (a) and 9 (b) above shall be provided Documents designated CONFIDENTIAL under this Protective Order only after they have agreed in writing to be bound by the terms of the Protective Order, in the form attached as "**Exhibit A**."

11. **Use in Motion Practice or at Trial.** This Protective Order does not restrict or limit the use of documents designated as CONFIDENTIAL in motion practice or at any hearing or trial. However, in the event a Party in this Litigation or a third-party wants to file with or submit to the Court any document designed as CONFIDENTIAL, that party shall first notify the designating party and attempt to reach an agreement regarding filing or redaction of the Confidential information. If an agreement cannot be reached as to presentation of the Confidential Information, the party seeking to file the document shall seek permission from the Court to file or submit said information under seal.

12. **Challenges to Designation as Confidential.** In the event counsel for the party receiving materials designated as CONFIDENTIAL objects to the designation, said counsel shall advise the party producing the materials, in writing, preferably by electronic mail, of such objection and the reasons therefor. Pending resolution of the dispute, all of the materials shall be treated as designated. Counsel will attempt to resolve the dispute within five (5) business days. If the dispute cannot be resolved among counsel, the party objecting to the designation of a document

as CONFIDENTIAL shall submit a motion objecting to such designation with the Court. The burden to sustain the designation CONFIDENTIAL is upon the designating party.

13. **Scope of Discovery.** This Protective Order shall not enlarge or affect the proper scope of discovery in this Litigation or any other litigation, nor shall this Protective Order imply that discovery material designated as CONFIDENTIAL under the terms of this Protective Order is properly discoverable, relevant, or admissible in this Litigation or any other litigation.

14. **Treatment on Conclusion of Litigation.** The terms of this Protective Order shall survive and remain in effect after the termination of this Litigation. The Parties shall take such measures as are necessary to prevent the public disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of this Litigation.

15. **Return of Confidential Documents.** Within thirty (30) days after the termination of this Litigation, whether by adjudication on the merits, settlement, or otherwise, all Confidential Information, all copies thereof, all extracts, tabulations and compilations thereof, in any form whatsoever, shall be returned to counsel for the party that produced it. Alternatively, the Parties may agree in writing upon appropriate methods of destroying documents containing Confidential Information. This provision shall not require the Court's return of any documents filed with the Court.

16. **Order Subject to Modification.** This Protective Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the Parties have been given notice and an opportunity to be heard on the modification.

17. **No Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL is subject to protection until such time as a document-specific ruling shall have been made.

18. **Ultimate Disposition.** This Protective Order does not limit the ultimate disposition of protected materials, which remains subject to a final order of the Court on the completion of litigation.

19. **Persons Bound.** This Protective Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**SO ORDERED**.   Signed: February 22, 2021

_David C. Keesler_
United States Magistrate Judge

**WE CONSENT:**

/s/ Gary Martoccio
Gary Martoccio
N.C. State Bar No. 54125
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, FL 33606
Telephone: (800) 965-1570
Gary.Martoccio@spielbergerlawgroup.com

*Attorneys for Plaintiff*

/s/ M. Cabell Clay
Russell F. Sizemore
N.C. State Bar No. 23553
M. Cabell Clay, Esq.
N.C. State Bar No. 38099
MOORE & VAN ALLEN PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
russellsizemore@mvalaw.com
cabellclay@mvalaw.com

*Attorneys for Defendant*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-CV-173**

| | |
|---|---|
| **RANDY GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ACKNOWLEDGEMENT OF AND** |
| ) | **AGREEMENT TO BE BOUND BY** |
| ) | **CONSENT PROTECTIVE ORDER** |
| **POWERWORKS ELECTRIC, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

I, _____, hereby affirm that:

1. Information, including documents and things designated as CONFIDENTIAL as defined in the Confidentiality Agreement and Protective Order ("Protective Order") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

As a prior condition to my permission to receive, see or review any Confidential Information, I have been given a copy of the aforementioned Protective Order, I have read it, and I agree to be bound by its terms.

I understand that the Protective Order is a Court Order which is legally binding upon me. I hereby agree to submit to the jurisdiction of the District Court for the Western District of North Carolina, Charlotte Division, for enforcement of any claimed violation of the terms of the Protective Order or this Acknowledgement, and agree that such jurisdiction shall survive the termination of this action.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-referenced litigation and not to disclose such information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated such information CONFIDENTIAL or by Order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and its binding effect on them.

I understand that I am to retain all documents or materials designated as Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE